**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1828-16T4

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee
for the Registered Holder
of Morgan Stanley Home Equity
Loan Trust 2007-2 Mortgage
Pass Through Certificates,
Series 2007-2,

    Plaintiff-Respondent,

v.

WAYNE PASCHALL and MRS. PASCHALL,
unknown spouse of WAYNE
PASCHALL,

    Defendants-Appellants.

_____

Argued April 24, 2018 — Decided June 8, 2018

Before Judges Hoffman and Gilson.

On appeal from Superior Court of New Jersey,
Chancery Division, Gloucester County, Docket
No. F-020036-15.

Wayne Paschall, appellant, argued the cause
pro se.

Dana M. Carrera argued the cause for
respondent (McGlinchey Stafford, attorneys;
Dana M. Carrera and Victor L. Matthews, on the
brief).

PER CURIAM

Defendant Wayne Paschall appeals from a December 2, 2016 Chancery Division order denying his motion to return this foreclosure case to mediation. For the following reasons, we affirm.

In November 2006, defendant borrowed $252,000 from Wilmington Finance, Inc. and executed a mortgage on his home in Deptford. In June 2013, the lender assigned the mortgage to plaintiff Deutsche Bank National Trust Company, as Trustee for the Registered Holder of Morgan Stanley Home Equity Loan Trust 2007-2 Mortgage Pass-Through Certificates, Series 2007-2.

Defendant defaulted on the mortgage in March 2013. As a result, plaintiff filed a foreclosure complaint in June 2015. Defendant did not file an answer but, instead, filed a request for mediation under New Jersey's Foreclosure Mediation Program (FMP), which the court granted in August 2015. Before mediation began, plaintiff requested entry of default in October 2015.

The parties held nine mediation sessions between December 2015 and October 2016. During mediation, plaintiff offered defendant two streamline modifications and another modification under the Home Affordable Modification Program (HAMP modification), all of which defendant rejected. Defendant claimed

he could not afford the payments offered. In October 2016, the mediator terminated mediation, giving defendant the option to re-apply for a modification if his financial circumstances changed. Meanwhile, the trial court entered a final judgment of foreclosure on August 9, 2016. Defendant did not appeal from that judgment.

Two days after mediation ended, defendant filed a motion to compel plaintiff to return to mediation. The trial court heard oral argument and denied defendant's motion on December 2, 2016. The order states, "Mediation has taken place and a loan modification was offered but not accepted. Reasons on record." However, plaintiff failed to provide us with a copy of the December 2, 2016 transcript.

Defendant appealed the December 2, 2016 order, and at the same time, filed a motion for reconsideration with the trial court. The trial court denied the reconsideration motion on February 17, 2017. The court did, however, grant defendant a stay of a sheriff's sale pending this appeal.

On appeal, defendant argues plaintiff's first two offers were "illegitimate" and the third offer mistakenly used his wife's entire income despite the fact that she is a non-borrower. He contends the first two offers were streamline offers, and he did not request that type of offer. The third offer was a HAMP modification, which he requested, but he contends the calculation

of the offer should have used only half of his wife's income because that is what she agreed to contribute.

Preliminarily, we note defendant failed to provide us with the transcript from the trial court's December 2, 2016 decision being appealed. Defendant did provide the transcript from the court's February 17, 2017 decision denying reconsideration; however, defendant did not appeal from the reconsideration order. The court rules require an appellant to provide a transcript of relevant court proceedings, so we can appropriately review the appeal. R. 2:5-3(a). Although we do not have the trial court's reasoning for the order appealed, the brief statement on the order and the reasoning for the denial of reconsideration provide insight into the December 2, 2016 decision. Therefore, we elect to review the merits of defendant's appeal.

Defendant's appeal challenges the Chancery judge's exercise of discretion in denying defendant's motion to compel plaintiff to return to mediation. We will not overturn a decision denying such a motion absent an abuse of discretion. U.S. Bank Nat'l Ass'n v. Williams, 415 N.J. Super. 358, 365 (App. Div. 2010).

The FMP was established to help homeowners through the foreclosure crisis. Id. at 368. "However, an order to participate in mediation does not mandate that one party accept the proposed resolution offered by the other." Id. at 373. "The main factor

4                                           A-1828-16T4

affecting the likelihood of achieving a loan workout is affordability, that is the homeowner's ability to satisfy the modified obligation." Id. at 371.

Here, the trial court granted defendant's request for mediation, the parties participated in nine sessions, and plaintiff offered three loan modifications. Plaintiff was under no obligation to offer the precise modification defendant wanted, and the calculation of any offer is outside the scope of our review. The mediator gave the parties ample opportunity to work out a compromise, and only terminated mediation after defendant rejected the last modification plaintiff offered, claiming he could not afford to accept the offer, despite a reduction of nearly $350 in monthly payments. Accordingly, we see no abuse of discretion in the trial court's decision not to order continued mediation.

Furthermore, on August 9, 2016, the trial court entered a final judgment of foreclosure, which defendant failed to appeal. Defendant did not specifically request we vacate the final judgment; regardless, we discern no basis under Rule 4:50-1 to disturb that judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5

A-1828-16T4